UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

LUIS FRANCISCO PENA MARTINEZ,
proceeding by his next friend INGRID
ABIGAIL AREVALO,

                  Petitioner,

v.

U.S. IMMIGRATION AND CUSTOMS
ENFORCEMENT et al.,

                  Respondents.
_____/

Case No. 1:26-cv-989

Honorable Paul L. Maloney

**OPINION**

Ingrid Abigail Arevalo initiated this action by filing a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 on behalf of her partner, Luis Francisco Pena Martinez, a United States Immigration and Customs Enforcement (ICE) detainee currently detained at the North Lake Processing Center located in Baldwin, Lake County, Michigan.[1] (Pet., ECF No. 1.) For the following reasons, the Court will conditionally grant the petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.

**Discussion**

**I.      Procedural History**

In the § 2241 petition, Mr. Pena Martinez challenges the lawfulness of his current detention and asks the Court to, *inter alia*, issue a writ of habeas corpus pursuant to 28 U.S.C. § 2241 either

---

[1] The Court previously granted Ms. Arevalo permission to proceed on Mr. Pena Martinez's behalf as next friend. (Order, ECF No. 4.)

ordering Respondents to release him or ordering Respondents to conduct a bond hearing to satisfy the requirements of due process. (Pet., ECF No. 1, PageID.2.)[2]

In an order entered on March 31, 2026, the Court directed Respondents to show cause, within three business days, why the writ of habeas corpus and other relief requested should not be granted. (Order, ECF No. 4.) Respondents filed their response on April 3, 2026. (ECF No. 5.)

## II.    Factual Background

Mr. Pena Martinez is a native and citizen of El Salvador who entered the United States at an unknown time and location without inspection. (Pet., ECF No. 1, PageID.1; Notice to Appear (NTA), ECF No. 5-1, PageID.60.) Mr. Pena Martinez has no criminal history. (2025 Form I-213, ECF No. 5-2, PageID.67.)

On October 14, 2025, Department of Homeland Security (DHS) agents encountered and arrested Mr. Pena Martinez at a weigh station in Lowell, Indiana. (*Id.*, PageID.66; Pet., ECF No. 1, PageID.1.) At that time, DHS issued Mr. Pena Martinez a Form I-862, NTA, charging him with inadmissibility under §§ 212(a)(6)(A)(i) and 212(a)(7)(A)(i)(I) of the Immigration and Nationality Act (INA) because he is an immigrant "present in the United States without being admitted or paroled, or who arrived in the United States at any time or place other than as designated by the Attorney General," and "who, at the time of application for admission, is not in possession of a valid unexpired [immigration or travel document]." (NTA, ECF No. 5-1, PageID.63; 2025 Form I-213, ECF No. 5-2, PageID.66)

On March 4, 2026, an Immigration Judge (IJ) ordered Mr. Pena Martinez removed to Ecuador, or in the alternative, Guatemala or Honduras. (Order of the IJ, ECF No. 5-4, PageID.72.)

---

[2] In addition to filing the § 2241 petition, Petitioner also filed a motion for immediate release. (ECF No. 2.) As set forth in this opinion, the Court will grant the § 2241 petition and order Respondents to provide a bond hearing or release Mr.  from custody. In light of this, the entry of the Court's opinion and corresponding judgment moots Petitioner's pending motion.

Mr. Pena Martinez appealed the order of removal to the Board of Immigration Appeals, and the appeal remains pending. (Pet., ECF No. 1, PageID.1; Automated Case Information, ECF No. 5-5, PageID.75.) Because Mr. Pena Martinez's appeal to the BIA remains pending, the order of removal is not "administratively final" for purposes of the INA.[3] *See* 8 U.S.C. §§ 1101(a)(47)(B), 1231(a)(1)(B)(i), 1231(a)(2)(A).

### III.    Habeas Corpus Legal Standard

The Constitution guarantees that the writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). Section 2241 of Title 28 confers the federal courts with the power to issue writs of habeas corpus to persons "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241. This includes challenges by non-citizens in immigration-related matters. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001); *see also A. A. R. P. v. Trump*, 145 S. Ct. 1364, 1367 (2025).

---

[3] Section 1231 of Title 8, titled, "Detention and removal of aliens ordered removed," provides in relevant part that, "[d]uring the removal period, the Attorney General shall detain the alien." 8 U.S.C. § 1231(a)(2)(A). However, as relevant to this case, the removal period does not begin to run until "[t]he date the order of removal becomes administratively final." *Id.* § 1231(a)(1)(B)(i). For the purposes of § 1231(a)(1)(B)(i), a removal order "shall become final upon the earlier of (i) a determination by the Board of Immigration Appeals affirming such an order; or (ii) the expiration of the period in which the alien is permitted to seek review of such order by the Board of Immigration Appeals." *Id.* § 1101(a)(47)(B); *see Jusufi v. Chertoff*, No. 07-15450, 2007 WL 4591760, at *4 (E.D. Mich. Dec. 28, 2007) (discussing that a final removal order becomes administratively final when the BIA denies an appeal of it); *see also Johnson v. Guzman Chavez*, 594 U.S. 523, 534–35 (2021) ("[O]nce the BIA has reviewed [and affirmed] the [removal] order (or the time for seeking the BIA's review has expired), DHS is free to remove the alien *unless* a court issues a stay. That reinforces why Congress included 'administratively' before the word 'final' in the first provision."). Because Mr. Pena Martinez's appeal to the BIA remains pending, § 1231 does not apply, and § 1226(a) governs his detention. *See Johnson*, 594 U.S. at 533 ("The parties agree that § 1226 governs the detention of aliens until § 1231's 'removal period' begins.").

**IV.    Exhaustion**

Respondents argue that the Court should deny Mr. Pena Martinez's request for habeas corpus relief because he has not exhausted his administrative remedies. Specifically, Respondents argue that Mr. Pena Martinez should pursue a bond hearing and, if necessary, appeal any unfavorable decision to the Board of Immigration Appeals.

The Court declines to enforce the doctrine of prudential exhaustion, and even if the Court were to conclude that exhaustion is warranted, the Court concludes in the alternative that waiver of exhaustion is appropriate, for the reasons set forth in the Court's exhaustion analysis in each of the following cases: *Antele Cobix v. Raycraft*, No. 1:25-cv-1669, 2025 WL 3562651, at *2–3 (W.D. Mich. Dec. 12, 2025); *Candela Bastidas v. Noem*, No. 1:25-cv-1528, 2025 WL 3562638, at *2–4 (W.D. Mich. Dec. 12, 2025); *Acuna Sanchez v. Noem*, No. 1:25-cv-1442, 2025 WL 3562577, at *2–4 (W.D. Mich. Dec. 12, 2025); *Penagos Robles v. U.S. Dep't of Homeland Sec.*, No. 1:25-cv-1578, 2025 WL 3558128, at *2–3 (W.D. Mich. Dec. 12, 2025).

Accordingly, the Court will proceed to address the merits of the § 2241 petition.

**V.    Merits Discussion**

**A.    Statutory Basis for Detention**

Respondents contend that Mr. Pena Martinez meets every element for detention under § 1225(b)(2), and that the statute's structure and history support Respondents' interpretation.

The Court concludes that § 1226(a), not § 1225(b)(2)(A), governs noncitizens, such as Mr. Pena Martinez, who have resided in the United States and were already within the United States when apprehended and arrested for the reasons set forth in the Court's statutory analysis in each of the following cases: *Antele Cobix v. Raycraft*, No. 1:25-cv-1669, 2025 WL 3562651, at *3–6 (W.D. Mich. Dec. 12, 2025); *Candela Bastidas v. Noem*, No. 1:25-cv-1528, 2025 WL 3562638, at *4–6 (W.D. Mich. Dec. 12, 2025); *Acuna Sanchez v. Noem*, No. 1:25-cv-1442, 2025 WL

4

3562577, at *4–7 (W.D. Mich. Dec. 12, 2025); *Penagos Robles v. U.S. Dep't of Homeland Sec.*, No. 1:25-cv-1578, 2025 WL 3558128, at *3–6 (W.D. Mich. Dec. 12, 2025).[4]

### B.    Fifth Amendment Due Process Considerations

Mr. Pena Martinez argues that his detention violates the Fifth Amendment's Due Process Clause. Respondents argue that Mr. Pena Martinez has received notice of the charges against him, has access to counsel, may request hearings with an immigration judge, has the right to appeal the denial of any request for bond, and has been detained by ICE for a relatively short period of time.

The Court concludes that Mr. Pena Martinez's current detention under the mandatory detention framework set forth in § 1225(b)(2)(A) violates his Fifth Amendment due process rights for the reasons set forth in the Court's constitutional analysis in each of the following cases: *Antele Cobix v. Raycraft*, No. 1:25-cv-1669, 2025 WL 3562651, at *6–8 (W.D. Mich. Dec. 12, 2025); *Candela Bastidas v. Noem*, No. 1:25-cv-1528, 2025 WL 3562638, at *7–8 (W.D. Mich. Dec. 12, 2025); *Acuna Sanchez v. Noem*, No. 1:25-cv-1442, 2025 WL 3562577, at *7–9 (W.D. Mich. Dec. 12, 2025); *Penagos Robles v. U.S. Dep't of Homeland Sec.*, No. 1:25-cv-1578, 2025 WL 3558128, at *6–8 (W.D. Mich. Dec. 12, 2025).

### VI.    Other Claims and Other Forms of Relief

Because the Court will conditionally grant the § 2241 petition as set forth herein, the Court does not address other claims and other requested relief in the § 2241 petition.

---

[4] The Court is aware of *Buenrostro-Mendez v. Bondi*, 166 F.4th 494 (5th Cir. 2026), which was recently issued by the United States Court of Appeals for the Fifth Circuit, and *Avila v. Bondi*, No. 25-3248, --- F.4th ----, 2026 WL 819258 (8th Cir. Mar. 25, 2026), which was recently issued by the United States Court of Appeals for the Eighth Circuit. At this time, these non-binding cases do not change the Court's analysis.

### VII.    Proper Respondents

Respondents argue that the Detroit ICE Field Office Director is the only proper Respondent in this action, and they seek the dismissal of all of the other named Respondents.[5] The Court concludes that the ICE Detroit Field Office Director is not the only proper Respondent for the reasons set forth in the Court's analysis of the same argument in each of the following cases: *Antele Cobix v. Raycraft*, No. 1:25-cv-1669, 2025 WL 3562651, at *8–9 (W.D. Mich. Dec. 12, 2025); *Candela Bastidas v. Noem*, No. 1:25-cv-1528, 2025 WL 3562638, at *8–9 (W.D. Mich. Dec. 12, 2025); *Acuna Sanchez v. Noem*, No. 1:25-cv-1442, 2025 WL 3562577, at *9–10 (W.D. Mich. Dec. 12, 2025); *Penagos Robles v. U.S. Dep't of Homeland Sec.*, No. 1:25-cv-1578, 2025 WL 3558128, at *9–10 (W.D. Mich. Dec. 12, 2025).

<u>**Conclusion**</u>

For the reasons discussed above, the Court will enter a judgment conditionally granting the petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (ECF No. 1.) The Court will order Respondents to provide Mr. Pena Martinez with a bond hearing under 8 U.S.C. § 1226(a) within five business days of the date of this Court's opinion and judgment with notice to the Parties as soon as practicable, no later than 24 hours prior to the scheduled hearing, or, in the alternative, immediately release Mr. Pena Martinez from custody.[6] The Court will also order Respondents to file a status report within six business days of the date of this Court's opinion and judgment to certify compliance with this opinion and the corresponding judgment. The status report shall

---

[5] The Court previously dismissed the warden of the North Lake Processing Center as a Respondent, and added the ICE Detroit Field Office Director as a Respondent. (Order, ECF No. 4.)

[6] This Court has adopted a standard practice of requiring such a hearing within five business days, even if the Petitioner requests a deadline that is shorter or longer or only release.

include if and when the bond hearing occurred, if bond was granted or denied, and if bond was

granted, the conditions of the bond, or if bond was denied, the reasons for the denial.


Dated:   April 21, 2026                              /s/ Paul L. Maloney
                                                     Paul L. Maloney
                                                     United States District Judge